# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD HATCHER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5450** |
| **JEFFERY ROUSE, M.D.** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.   Factual and Procedural Background

The Plaintiff, Gerald Hatcher ("Hatcher"), is an inmate housed in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He filed this *pro se* complaint under 42 U.S.C. § 1983 against the Defendant, Orleans Parish Coroner Jeffery Rouse, M.D. ("Dr. Rouse"), complaining that Dr. Rouse and an unidentified assistant denied him access to DNA evidence used in his criminal trial.

Hatcher did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

## II.   Standard of Review under Fed. R. Civ. P. 41(b)

Federal Rule of Civil Procedure ("Rule") 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim,

courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. Cty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, Hatcher is without counsel and is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III. <u>Analysis</u>

In this case, Hatcher did not submit the required filing fee, nor did he request leave to proceed *in forma pauperis*. The Clerk of Court sent a notice, dated June 2, 2017, to Hatcher at his address of record, advising him that he was required to either pay the filing fee or complete and return a certified pauper application.[1] The Clerk of Court mailed this notice to Hatcher at the address he provided on the complaint. The envelope, addressed to Hatcher, was not returned as undeliverable, and Hatcher did not respond to the notice.

On July 7, 2017, the undersigned issued an Order, requiring Hatcher to show cause, on or before July 28, 2017, why his complaint should not be dismissed for his failure to comply with the Clerk's deficiency notice, which required him to either pay the filing fee or submit a pauper

---

[1] Rec. Doc. No. 2.

application.[2] The Order was sent to Hatcher at his address of record, and the envelope was not returned as undeliverable. Further, Hatcher did not reply to the Court's Rule to Show Cause Order.

Several days later, on or about July 11, 2017, the Clerk of Court received from Hatcher a check written in the amount of $505, apparently intended to pay the $400 filing fee.[3] Because the check could not be accepted for that amount, it was returned to Hatcher with a request that he provide a new check in the proper amount.

On July 28, 2017, the Clerk of Court received a letter from Hatcher stating that he was enclosing a $400 check to pay the filing fee.[4] However, no check was enclosed. The Clerk of Court, again, wrote to Hatcher, notifying him of the error and advised him that the filing fee had not been received. The envelope has not been returned as undeliverable, and Hatcher has not sent a check.

On August 17, 2017, Hatcher presented a notice of change of address and inquired as to whether the Clerk of Court had received the check.[5] Out of fairness to Hatcher, the Clerk of Court sent a second deficiency notice to Hatcher on August 17, 2017, advising him that the filing fee had not been received and allowed him an additional twenty (20) days to do so.[6] The envelope has not been returned as undeliverable, and Hatcher has not responded to the notice.

The final deficiency notice was mailed to Hatcher at the addresses he provided to the Court. All litigants are obligated to keep the Court advised of any address change. Local Rules 11.1 and

---

[2]Rec. Doc. No. 3.

[3]Rec. Entry 7/11/17.

[4]Rec. Entry 7/28/17.

[5]Rec. Doc. No. 5.

[6]Rec. Doc. No. 6.

41.3.1. Hatcher has not notified the Clerk's Office or the Court that he has been released from a facility or that his address has, once again, changed. In addition, Hatcher still has not provided the filing fee or pauper application required to prosecute his case. Accordingly, dismissal, with prejudice, of Hatcher's complaint is proper under Rule 41(b) for his failure to prosecute.

## IV. Recommendation

It is therefore **RECOMMENDED** that Hatcher's § 1983 complaint against the defendant, Dr. Rouse, be **DISMISSED WITH PREJUDICE** for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana, this 22nd day of September, 2017.

                                        **KAREN WELLS ROBY**
                         **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[7]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.